# GARRABRANDT

*v.*

# BOSTON MOLASSES COMPANY.

---

San Juan, Law, No. 1170.

### ON MOTION FOR NEW TRIAL.

Jury Trial—Argument of Law.

    1. In the Federal courts the jury finds the facts from the evidence under direction of the court on the law, and the court may direct that the argument of all law points be directed to the judge, and not to the jury.

New Trial—Surprise.

    2. The fact that it is discovered after a trial that a possible witness would have given testimony different from that of a witness on the trial is not ground for granting a new trial.

Garrabrandt v. Boston Molasses Co.

Opinion filed February 4, 1919.

*Mr. H. R. Francis* for plaintiff.

*Mr. Charles Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The trial in this case was itself a second trial and resulted in a verdict for the plaintiff of $5,000 as against one of $8,600 previously. There are many grounds set out in the motion, but most of them relate to points which were carefully considered upon the trial itself. No brief is filed and no reason appears for reconsidering any of these.

1. One of the new grounds of the application, however, is that, upon the court's attention being called by counsel for the defense to argument of law to the jury by counsel for plaintiff, the court requested that everything relating to law be addressed to the court, and not to the jury. The difference of function between judge and jury is that the jury finds the facts of the case from the evidence under direction of the court on the law involved. This is indeed the form of the oath administered to the jury when sworn to try any issue. In the case at bar the court did not decline to consider arguments advanced on behalf of the plaintiff, nor to give any proper charge proposed by the plaintiff. There is more confusion in some of the state courts upon the subject, but in the Federal courts the judge is supposed to keep the consideration of the law in his own hands and

Garrabrandt v. Boston Molasses Co.

give proper instructions to the jury. It is not thought that there was any error in the action taken.

2. Another new ground for the application is that the witness Eduardo Gonzalez testified the Juncos Central shipped a certain amount of molasses in the two years in question, while the affidavit of the manager of a voluntary sugar association is alleged to show that the Central made a return to that association showing a considerable larger amount shipped during those respective years, and it is now alleged that the statement by Gonzalez operated as a surprise to plaintiff. The proceedings in the case show that plaintiff made a liberal use of his right to demand subpœnas duces tecum for books and papers from the witness and Central, and that the witness in question was not only one for the defense and thus subject to rebuttal, but had also been examined on the previous trial. It would be bad practice to grant a new trial because a party has since the trial found evidence contradicting a witness for the opposite side. The time to do this is at the trial itself, and cases would be indefinitely prolonged if that right is to be exercised after adverse verdict. Moreover, in the instance before the court it is doubtful whether the alleged contradiction would have been admissible. The affidavit of the witness shows that the Central made a certain return to a voluntary association. This does not contradict the witness Gonzalez, for he did not say what return was made by the Central to anyone. It must be presumed that the witness, being the president or otherwise acting as the head of the Central's business, knew the amount of molasses produced, and this he testified to. The fact that the Central made different statements would not impeach his testimony, and, as the Central

Garrabrandt v. Boston Molasses Co.

was not a party, it is not perceived how the return could be admitted as an admission.

The motion must therefore be overruled.

It is so ordered.